# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 05 B 04533 |
| ROBERT J. LUNN, | ) (Jointly Administered) |
| LUNN 119TH LLC, and | ) Hon. Susan Pierson Sonderby |
| LUNN 26TH LLC, | ) |
| | ) Hearing Date: Wednesday, April 13, 2005 |
| Debtors. | ) Hearing Time: 10:00 a.m. |

*FILED APR 8 2005 KENNETH S. GARDNER, CLERK — UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS — PS REP. - EG*

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on Wednesday, April 13, 2005 at 10:00 a.m., we shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 642, or, in her absence, before any other Judge who may be sitting in her place or stead and shall then and there present *Debtors' Motion for an Order Under 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 2002(a)(7) and 3003(c)(3) (A) Setting Final Date for Filing Proofs of Claim and (B) Approving the Form and Manner of Notice Thereof.*

Dated: April 8, 2005

                                                     **ROBERT J. LUNN, et al.**

                                                     By: */s/ Will Ch___*
                                                              One of his Attorneys

David Neff (ARDC #06190202)
David G. Lynch (ARDC #01712942)
William Choslovsky (ARDC #06224664)
**DLA Piper Rudnick Gray Cary US LLP**
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
(312) 368-4000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 05 B 04533 |
| ROBERT J. LUNN, | ) (Jointly Administered) |
| LUNN 119TH LLC, and | ) Hon. Susan Pierson Sonderby |
| LUNN 26TH LLC, | ) |
| | ) |
| Debtors. | ) |

### DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 105(a) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(a)(7) AND 3003(c)(3) (A) SETTING FINAL DATE FOR FILING PROOFS OF CLAIM AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Robert J. Lunn ("Lunn"), Lunn 119th LLC ("Lunn 119th") and Lunn 26th LLC ("Lunn 26th" and together with Lunn and Lunn 119th, the "Debtors"), pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 2002(a)(7) and 3003(c)(3), request the entry of an order (a) establishing a deadline for filing certain proofs of claim and (b) approving the form and manner of notice thereof (the "Motion"). In support of this Motion, the Debtors represent as follows:

### BACKGROUND

1.      On February 10, 2005 (the "Lunn Petition Date"), Panduit Corp., Jack E. Caveney and Margaret C. Caveney (collectively, the "Petitioning Creditors"), filed an involuntary bankruptcy petition against Lunn (Case No. 05 B 04533) in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2.      In an effort to avoid adjudication of the Involuntary Petition and amicably resolve all issues, including finalizing distributions to all creditors, the Bankruptcy Court encouraged the parties to engage in mediation, which Lunn embraced. As a result, Lunn, the Petitioning Creditors, and other parties in interest engaged in two mediation sessions led by Honorable John

Schwartz. Despite Lunn's desire to effectuate an amicable resolution with his creditors and his willingness to continue with mediation, the mediation efforts ultimately failed.

3. Thereafter, on March 23, 2005, before the Involuntary Petition was adjudicated, Lunn consented to entry of an Order for Relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and the Bankruptcy Court concurrently entered an Order Granting Lunn's Routine Motion for Conversion to Chapter 11.

4. On March 30, 2005 (the "Lunn Affiliate Petition Date"), Lunn 119th (Case No. 05 B 11666) and Lunn 26th (Case No. 05 B 11672) each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On April 6, 2005, his Bankruptcy Court entered an Order Directing Joint Administration of Cases.

6. Lunn is the sole managing member of both Lunn 119th and Lunn 26th (together, the "Property LLC's"), which are single purpose real estate entities solely owned, managed, and controlled by Lunn. The Property LLC's potentially constitute, by far, the most valuable non-exempt assets of the Debtors.

7. The Debtors' present intent is to sell the real estate owned by the Property LLC's and propose a plan within the next several months.

## REQUESTED RELIEF

8. By this Motion, the Debtors seek entry of an order fixing the last date within which certain proofs of claim against the Debtors must be filed. The Debtors further request that the Bankruptcy Court approve the proposed notice of the last date within which certain proofs of claim must be filed (the "Notice of Bar Date"), which is attached hereto as Exhibit A.

## BASIS FOR RELIEF

A. **The Bar Date**

9. Fed. R. Bankr. P. 3003(c)(3) provides: "The court shall fix . . . the time within which proofs of claim or interest may be filed." For the reasons set forth below, the Debtors request that, other than for Governmental units, the Court fix **June 17, 2005** as the bar date (the "Bar Date") for filing claims (as defined in Section 101(5) of the Bankruptcy Code) arising before the Lunn Petition Date and/or the Lunn Affiliate Petition Date against the Debtors. Lunn has filed his schedules of assets, liabilities and executory contracts and statement of financial affairs (collectively, the "Lunn Schedules") with the Bankruptcy Court. Additionally, Lunn 119th and Lunn 26th intend to file their schedules of assets, liabilities and executory contracts and statements of financial affairs (the "Lunn Affiliate Schedules" and together with the Lunn Schedules, the "Schedules") on or before April 14, 2005.

10. The Debtors request that the Court fix **October 7, 2005** as the bar date for Governmental units (as defined in Section 101(27) of the Bankruptcy Code) to file proofs of claim arising before the Lunn Petition Date and/or the Lunn Affiliate Petition Date against the Debtors (the "Government Bar Date" and together with the Bar Date, the "Bar Dates"). The Debtors seek to establish the Bar Dates to determine what, if any, claims are asserted against them in addition to those listed in the Schedules.

11. The Debtors request that proofs of claim for any rejection damages claims arising during these chapter 11 cases under sections 365(g) and 502(g) of the Bankruptcy Code be filed by the later of: (a) the date set by the Court in an order authorizing the rejection of such executory contract or unexpired lease; or (b) the Bar Date or, as applicable, the Government Bar Date. Nonetheless, proofs of claim for any other claims that arose prior to the Lunn Petition

Date and/or the Lunn Affiliate Petition Date under any lease or contract must be filed by the Bar Date or, as applicable, the Government Bar Date.

### B. Notice of Bar Date

12. In connection with the setting of the Bar Dates, the Debtors also request that the Court approve the Notice of Bar Date. The Notice of Bar Date will inform all interested parties of the existence of the Bar Dates and their right to file proofs of claim and the consequences of failing to do so. The Debtors submit that the type of notice proposed herein is reasonably calculated to provide all known creditors and other parties in interest with sufficient notice of the Bar Dates.

13. The Debtors request that proofs of claim be filed prior to the Bar Dates by creditors of any of the Debtors on account of any claim (as defined in Section 101(5) of the Bankruptcy Code) arising before the Lunn Petition Date and/or the Lunn Affiliate Petition Date. Nevertheless, this Motion shall not apply to creditors holding or wishing to assert the following types of claims against the Debtors:

    (a) any individual or entity that has already properly filed a proof of claim against one or more of the Debtors in accordance with the procedures set forth herein and the Notice of Bar Date;

    (b) any individual or entity (i) that agrees with the nature, classification and amount of a debt set forth in the Schedules and (ii) whose potential claim against the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

    (c) any individual or entity that has had a claim against any one of the Debtors previously allowed by, or paid pursuant to, an order of the Bankruptcy Court; or

    (d) any individual or entity asserting a claim allowable under section 503(b) and 507(a)(1) as an administrative expense of the Debtors' chapter 11 cases.

14. If the Debtors modify or supplement their Schedules, the Debtors propose that any entity whose claim is listed in any such modification or supplement shall have until the later

of: (a) the Bar Date or, as applicable, the Government Bar Date; or (b) thirty (30) days after such modification or supplement to file a proof of claim.

15. The Debtors request that proofs of claim be filed against the particular Debtor against which the claim is asserted. This requirement will make the Debtors' claim analysis more efficient and less costly to their estates.

16. Pursuant to Fed. R. Bankr. P. 2002(a)(7), the Debtors intend to mail the Notice of Bar Date to all known creditors by no later than **April 15, 2004**. As a result, the Debtors' creditors will have in excess of the twenty-day period proscribed by Fed. R. Bankr. P. 2002(a)(7) for notice of the Bar Dates.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order: (a) setting the general bar date for filing pre-petition claims against the Debtors' estates for **June 17, 2005**; (b) setting the bar date for Governmental units (as that term is defined in Section 101(27) of the Bankruptcy Code) to file pre-petition claims against the Debtors' estates for **October 7, 2005**; (c) approving the Notice of Bar Date; and (d) granting such other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: April 8, 2005

**ROBERT J. LUNN, et al.**

By: _/s/_ _____
One of their Attorneys

David M. Neff (ARDC #06190202)
David G. Lynch (ARDC #01712942)
William Choslovsky (ARDC #06224664)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street - Suite 1900
Chicago, Illinois 60601
(312) 368-4000

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case Nos. 05 B 04533, 05 B 11666 and |
| ROBERT J. LUNN, | ) | 05 B 11672 |
| LUNN 119TH LLC, and | ) | (Jointly Administered) |
| LUNN 26TH LLC, | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | |

### NOTICE OF LAST DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM

### TO ALL PERSONS ASSERTING A CLAIM
### AGAINST THE ABOVE INDIVIDUAL AND/OR ENTITIES:

On April 13, 2005, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), entered an Order in the above-captioned cases (the "Bar Date Order") establishing **June 17, 2005** as the general claims bar date (the "General Bar Date") and **October 7, 2005** as the bar date for governmental units (as defined in Section 101(27) of the Bankruptcy Code and described below) (the "Government Bar Date"). Except as described below, the Bar Date Order requires that any Claims (as defined herein) against any of the Debtors listed above be filed with the Bankruptcy Court, by filing a proof of claim with the Bankruptcy Court at the following address:

> United States Bankruptcy Court
> for the Northern District of Illinois
> Everett McKinley Dirksen United States Courthouse
> Clerk of the Bankruptcy Court – Room 710
> 219 South Dearborn
> Chicago, Illinois 60604

Proofs of claim must be actually received on or before (a) the General Bar Date, **June 17, 2005**, or (b) in the case of governmental units, the Government Bar Date, **October 7, 2005**. Proofs of claim are deemed filed only when they are actually received by the Bankruptcy Court.

For your convenience, a proof of claim form is enclosed with this Bar Date Notice.

### ENTITIES REQUIRED TO FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, unions, indenture trustees, the U.S. Trustee and governmental units (individually, an "Entity"[1]) holding Claims against the

---

[1] Entities include, but are not limited to, the following Entities: (1) creditors whose Claims against a Debtor arose out of the rejection of executory contracts or unexpired leases by the Debtors prior to the entry of the order establishing the General Bar Date; (2) governmental units holding claims against a Debtor for unpaid taxes, whether arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a

Debtors (whether secured, priority or unsecured) that arose prior to (a) February 10, 2005 for Robert J. Lunn and (b) March 30, 2005 for Lunn 119th LLC and Lunn 26th LLC, are required to file proofs of claim by the General Bar Date or, in the case of governmental units, the Government Bar Date.

The following Entities must file a proof of claim on or before the General Bar Date or the Government Bar Date:

    a.    any Entity whose Claim is listed in the Debtors' Schedules as "disputed," "contingent" or "unliquidated" and who desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or

    c.    any Entity asserting a Claim that is not listed in the Schedules.

The following Entities are not required to file a proof of claim on or before the General Bar Date or the Government Bar Date:

    a.    any Entity that has already properly filed a proof of claim against one or more of the Debtors in accordance with the procedures set forth in this Bar Date Notice;

    b.    any Entity (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against a Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules;

    c.    any Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court; or

    d.    any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases.

An Entity should not file a proof of claim if such Entity does not have a Claim against any of the Debtors. Receipt of this Bar Date Notice by an Entity does not mean that such Entity has a Claim or that the Debtors or the Bankruptcy Court believes such Entity has a Claim. Moreover, neither the Debtors nor their attorneys nor the Bankruptcy Court can advise an Entity whether an Entity should file a proof of claim.

party; and (3) Entities whose Claims against a Debtor arose out of the obligations of such Entities under a contract for provision of liability insurance to a Debtor.

## CLAIMS RELATED TO REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any Entity whose Claims arose out of the rejection of an executory contract or an unexpired lease must file a proof of claim on or before the later of: (a) the date set by the Court in the Order authorizing the rejection of such contract or lease; or (b) the General Bar Date, or as applicable, the Government Bar Date (the "Rejection Bar Date").

## CLAIMS RELATED TO AMENDMENTS TO SCHEDULES

If the Debtors amend their Schedules subsequent to the mailing and publication of this Bar Date Notice to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, then the affected claimant shall have until the later of (a) 30 days after such claimant is served with notice that the Debtors have amended their Schedules or (b) the General Bar Date or, as applicable, the Government Bar Date to file a proof of claim or to amend any previously filed proof of claim (the "Amended Schedule Bar Date").

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so in a timely manner, will be forever barred, estopped and enjoined from:

    a.    asserting any Claim against any of the Debtors that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (in either case, an "Unscheduled Claim"); and

    b.    voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date or Government Bar Date. Any Entity that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein.

## FILING PROOFS OF CLAIM AGAINST OTHER DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. If more than one Debtor is listed on a form, the Debtors will treat such claim as filed against the first listed Debtor. All Entities must identify on their proof of claim the holder or holders of the Claim and the particular Debtor against which their Claim is asserted. A list of Debtors, together with their respective case numbers, is included on the reverse side of the Proof of Claim form.

3

## DEFINITION OF A CLAIM

For purposes of this Bar Date Notice, a "Claim" shall mean, as to or against any of the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## DEFINITION OF GOVERNMENTAL UNIT

For purposes of this Bar Date Notice, a "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or other instrumentality of the United States (but not a United States trustee while service as a trustee in a case under this title), a State a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other domestic government.

## RESERVATION OF RIGHTS

The Debtors reserve the right to: (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, nature, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Bar Date Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.


Dated: Chicago, Illinois                                    By Order of the Bankruptcy Court
April __, 2005



**DLA PIPER RUDNICK GRAY CARY US LLP**
Attorneys for Debtors and Debtors-in-Possession
David M. Neff (ARDC #06190202)
David G. Lynch (ARDC #01712942)
William Choslovsky (ARDC #06224664)
203 North LaSalle Street - Suite 1900
Chicago, Illinois, 60601
(312) 368-4000

4

## CERTIFICATE OF SERVICE

Nina H. Taylor, a non-attorney, under penalty of perjury, certifies that on the 8th day of April, 2005, she caused the ***Debtors' Motion for an Order Under 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 2002(a)(7) and 3003(c)(3) (A) Setting Final Date for Filing Proofs of Claim and (B) Approving the Form and Manner of Notice Thereof*** to be served via overnight delivery or messenger delivery and/or via facsimile upon the parties on the attached service list.

_____
Nina H. Taylor

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT.

American Express
16 General Warren Blvd
Malvern, PA  19355

American Express Travel Related Services
Gilbert Weisman
Becket & Lee LLP
P.O. Box 3001
Malvern, PA  19355-0701

Applied Real Estate Analysis, Inc.
914 South Wabash
Chicago, IL  60605

Ariel Weissberg
Noelle Ansley
Ignacio D. Maramba
Weissberg & Associates, Ltd.
Suite 403
401 South LaSalle Street
Chicago, IL  60605

Arthur H. Watson
2362 Glen Echo Farm
Charlottville, VA

Associated Bank
c/o McCarthy Duffy Neidart
180 North LaSalle Street
Chicago, IL  60601

ATC Associates, Inc.
419 Eisenhower Ln S
Lombard, IL  60148-5706

Bernard J. Conway
Bernard J. Conway P.C.
Suite 750
One North Franklin Street
Chicago, IL  60606

C. Barry Montgomery
Williams Montgomery & John Ltd
20 N. Wacker Drive, Suite 2100
Chicago, IL  60606

C. Michelle Panovich
Two Mid-America Plaza, Third Floor
Oakbrook Terrace, IL  60181

Champion Environmental Services, Inc.
38 West End Drive
Gilberts, IL  60136

Chicago Golf Club
P.O. Box 467
Wheaton, IL  60180

Chubb Group of Insurance Companies
P.O. Box 7247-0180
Philadelphia, PA  19170-0180

Bank One
Attn: Correspondence
P.O. Box 15298
Wilmington, DE  19850

City Of Chicago
Corporation Counsel, Karen M. Coppa
30 N. LaSalle St., Rm. 900
Chicago, IL  60602

William J. Factor
Seyfarth Shaw LLP
Suite 4200
55 East Monroe Street
Chicago, IL  60603

David Fischer
Wildman & Harrold
Suite 3000
225 West Wacker Drive
Chicago, IL  60606

Edward J. Lesniak
Burke, Warren, McKay & Serritella PC
22nd Floor
330 North Wabash Avenue
Chicago, IL  60611-3607

Embraer Aircraft Corp NA
276 SW 34th Street
Ft. Lauderdale, FL  33315

Gretchen Silver
Office of the U.S. Trustee
Suite 3350
227 West Monroe Street
Chicago, IL  60606

Harry R. Walton
2510 Brooks Drive
Decatur, IL 62521

Schenk, Annes, Brook & Tepper, Ltd.
311 South Wacker Drive, Suite 5125
Chicago, IL 60606-6622

Willliam J. Connelly
Tom Lester
Hinshaw & Culbertson LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601-1081

James Newbold
Assistant Attorney General
Revenue Litigation Bureau
Office of the Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601

Jill L. Murch
Foley & Lardner
Suite 2800
321 North Clark Street
Chicago, IL 60610-4764

Joseph D. Frank
Frank/Gecker LLP
325 N. LaSalle, Ste 624
Chicago, IL 60610

Thomas H. Stone
1780 Green Bay Road, Ste 202
Highland Park, IL 60035-3220

Robert Shaw
Julian Saul
C/O Shaw Industries
P.O. Drawer 2128
Dalton, GA 30722

KARD
Chicago Division Office
1010 Lake Street, Suite 432
Oak Park, IL 60301

L.A. Daniels, Inc.
135 E. St. Charles Road, Suite C
Carol Stream, IL 60188

Leaders Bank
2001 York Road
Oak Brook, IL 60523

Louik/Schneider & Associates, Inc.
54 West Hubbard Street, Suite 403
Chicago, IL 60610

Lunn 119th LLC
4804 South Woodlawn
Chicago, IL 60615

Lunn 26th LLC
4804 South Woodlawn
Chicago, IL 60615

Spaceco, Inc.
9575 West Higgins Road, Suite 700
Rosemont, IL 60018

Steven R. Jakubowski, Suite 4800
Robert F. Coleman & Assoc,
Suite 4800
77 W. Wacker
Chicago, IL 60601

Michael T. Prousis
Assistant Attorney General and
 Bureau Chief
Unemployment Insurance Bureau of the
 Illinois Attorney General
33 South State Street, Suite 992
Chicago, IL 60603

Mid-America Asset Management, Inc.
Two Mid-America Plaza, Third Floor
Oakbrook Terrace, IL 60181

OKW Architects
600 W. Jackson Blvd., Suite 300
Chicago, IL 60661

Scott R. Alsterda, Kevin P. Shea,
 Steven J. Thompson
Ungaretti & Harris
Three First National Plaza
Suite 3500
70 West Madison Street
Chicago, IL 60602

Parkway Bank Trust Company
C/O D. Gordon Barack
Ferrazzano Kirschbaum
333 West Wacker Drive, Suite 2700
Chicago, IL 60606

Robert G. McLennan
C/O Beacon Management Co.
1670 Wolf Road
Wheeling, IL 60610-2092

Robert J Lunn
4804 S Woodlawn
Chicago, IL 60615

Robert Little
Office of the District Counsel of the
 United States Internal Revenue Service
Suite 2300
200 West Adams Street
Chicago, IL 60606

Robert P. Cummins
Thomas C. Cronin
Cummins & Cronin
Suite 4800
77 West Wacker Drive
Chicago, IL 60601

Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
Suite 3705
135 South LaSalle Street
Chicago, IL 60603-4297

RSM McGladrey, Inc.
20 N. Martingale Road
Suite 500
Schaumburg, IL 60173-2420

Cook County Treasurer
118 N. Clark St., Rm 212
Chicago, IL 60602-1395

Verizon Wireless
Attn: Sharon West
Recovery Department
1515 Woodfield Rd, Suite 1400
Schaumburg, IL 60173

Commonwealth Edison
System Credit/ Bankruptcy Department
2100 Swift Drive
Oak Brook, IL 60523