## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05 B 04533 |
| ROBERT J. LUNN, | ) | (Jointly Administered) |
| LUNN 119TH LLC, and | ) | |
| LUNN 26TH LLC, | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtors. | ) | Final Hearing Date:   May 25, 2005 |
| | ) | Hearing Time:       10:30 a.m. |

## ORDER AND NOTICE OF FINAL HEARING
## ON DEBTORS' MOTION FOR ENTRY OF STIPULATION AND AGREED ORDER
## RE ADEQUATE PROTECTION AND RELIEF FROM THE AUTOMATIC STAY

This cause coming on for preliminary hearing on the Debtors' Motion for Entry of Stipulation and Agreed Order for Adequate Protection and Relief from the Automatic Stay which was filed and served on April 28, 2005 (the "Debtors' Motion"); all parties entitled to notice of the preliminary hearing thereon having received notice thereof; and the Court having set a briefing schedule thereon at the preliminary hearing;

IT IS HEREBY ORDERED AS FOLLOWS:

1.      A Final Hearing on the Debtor's Motion shall be held on Wednesday, May 25, 2005 at 10:30 a.m. before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 642, or before whoever else may be sitting in her stead.

2.      At the Final Hearing on the Debtor's Motion, the Debtor will request the entry of the Stipulation and Agreed Order for Adequate Protection and Relief from the Automatic Stay (the "Stipulation and Agreed Order"), a copy of which is attached hereto as Exhibit A and by express reference made a part hereof.

3.      All objections or responses to the Debtors' Motion (the "Objection(s)") shall be filed and received on or before 4:00 p.m. on May 13, 2005 with the Bankruptcy Court, and served so as to be received before the close of business on May 13, 2005 on the following: (I) DLA Piper Rudnick Gray Cary US LLP, 203 North LaSalle Street, Suite 1900, Chicago, IL 60601, Attn: David M. Neff (facsimile 312-630-2758); (ii) Law Offices of Robert P. Friedman, 827 Moraga Drive, Bel Air, CA 90049, Attn: Robert P. Friedman (facsimile: 310-471-8613); (iii) Mayer, Brown, Rowe & Maw LLP, 190 South LaSalle Street, Chicago, IL 60603, Attn: Craig E. Reimer (facsimile: 312-701-7711); (iv) Barack Ferrazzano Kirschbaum Perlman &

Nagelberg LLP, 333 W. Wacker Drive, Suite 2700, Chicago, IL 60606, Attn: Kimberly J. Robinson (facsimile 312-984-3150; (v) Office of the United States Trustee, 227 W. Monroe, Suite 3350, Chicago, IL 60606, Attn: Gretchen Silver (facsimile 312-886-5794): and (vi) Robert F. Colman & Associates, 77 W. Wacker Drive, Suite 4800, Chicago, IL 60601, Attn: Steven R. Jacobowski (facsimile 312-444-1028).

4.      Any responses to Objections shall be filed and received on or before 4:00 p.m. on May 20, 2005 with the Bankruptcy Court, and served so as to be received before the close of business on May 20, 2005 on the party filing the Objection and on the above referenced parties.

5.      The Debtor is directed to serve copies of this Order and Notice and the attached Stipulation and Agreed Order on all parties set forth in Paragraph 8 of the Debtor's Motion before the close of business on May 5, 2005 by overnight mail or by such other means so that such notice is received before the close of business on May 6, 2005, and such service shall be deemed adequate under the circumstances, and shall be deemed to satisfy the notice requirements of Bankruptcy Rules 4001(d) and 9019.

DATED:   May 5, 2005

_____
United States Bankruptcy Judge

286341

2

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05 B 04533 |
| ROBERT J. LUNN, | ) | (Jointly Administered) |
| LUNN 119TH LLC, and | ) | |
| LUNN 26TH LLC, | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtors. | ) | |

**STIPULATION AND AGREED ORDER FOR ADEQUATE PROTECTION AND
RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the Motion of Debtors Lunn 119th LLC and Lunn 26th LLC

(collectively, the "Lunn Entities") for entry of a Stipulation and Agreed Order for Adequate

Protection and Relief from the Automatic Stay (the "Stipulation") concerning the interests of

Parkway Bank and Trust Company (the "Bank") in three separate properties owned by the

Lunn Entities (the "Properties," each a "Property")(described in greater detail below), it

appears to the Court as follows:

A.      The Robert J. Lunn ("Lunn") case was commenced by the filing of an

involuntary bankruptcy petition on or about February 10, 2005 against Lunn (the "Lunn

Case") seeking the entry of an order for relief under Chapter 7 of the United States Bankruptcy

Code (the "Code").  On March 23, 2005, an Order for Relief under Chapter 7 of the Code

was entered.  By further order dated March 23, 2005, the Lunn Case was converted to a case

under Chapter 11 of the Code.

B.      On March 30, 2005, the related Lunn Entities cases were filed as voluntary

Chapter 11 petitions (the "Lunn Entities' Cases").  On April 6, 2005 the Court entered an

1

284458v2

Order for joint administration of the Lunn Case and the Lunn Entities' Cases.

     C.     The Bank had mortgages against each of the Properties. To enforce the mortgages, the Bank commenced foreclosure actions in the Cook County, Illinois, Circuit Court against each of the Properties. On January 29, 2004, March 25, 2004, and November 15, 2004, the Bank obtained judgments of foreclosure against the Properties (the "Judgments"), as described in greater detail below. Pursuant to the Judgments, each of the Properties was sold at an auction conducted by the Cook County Sheriff. The Bank's efforts to confirm the sheriff sales were stayed by the filing of these bankruptcy cases.

     D.     The Bank has asserted that it is entitled to relief from the automatic stay imposed under Section 362(b) of the Code to complete the foreclose proceedings in State court and to take other actions to protect its interests in the Properties.

     E.     The Bank has advised the Lunn Entities that it will forbear until June 27, 2005 from taking action with respect to the Judgments, the Lunn Entities, or the Bank's interests in the Properties, and will consent to a sale of the Properties by the Lunn Entities as debtors-in-possession under Section 363 of the Code on the condition that the Lunn Entities (i) enter into this Stipulation with the Bank and (ii) obtain, by a final order, Court approval of this Stipulation by May 25, 2005 (the "Approval Date").

     THEREFORE, it is agreed, stipulated, and ordered that:

     1.     The Judgments mean and include: (i) the Judgment and Foreclosure of Sale in the amount of $18,023,239.29 entered in favor of the Bank in case 03 CH 11150, Cook County Circuit Court, on November 15, 2004 (and amended by an Order entered on November 16, 2004) with respect to certain property commonly referred to as the "119th Street

Property"; (ii) the Judgment of Foreclosure in the amount of $15,170,323.20 (which excludes

that portion of the judgment that relates to the Kostner North Property, see below) entered in

favor of the Bank in case number 03 CH 11151, Cook County Circuit Court, on January 29,

2004, with respect to certain property commonly referred to as the "Kostner South Property"

(such Judgment referred to as the "Kostner South Judgment"); and (iii) the Judgment of

Foreclosure in the amount of $7,311,095.76 entered in favor of the Bank in case

03 CH 11152, Cook County Circuit Court, on March 29, 2004, with respect to certain

property commonly referred to as the "Kostner North Property" (such Judgment referred to as

the "Kostner North Judgment"). Lunn 26th LLC asserts ownership of the Kostner South

Property and the Kostner North Property and Lunn 119th LLC asserts ownership of the 119th

Street Property. The Judgments were validly entered, are nonappealable, and, subject only to

the provisions of the Bankruptcy Code, are enforceable under Illinois law. The Bank holds

allowed secured claims for the amounts of the Judgments and for (i) post-judgment interest at

the per annum rate of nine percent; (ii) all real estate taxes related to the Properties advanced

by, and not previously reimbursed to, the Bank (to the extent such taxes are not included in the

Judgment)(the "Taxes")[1]; and (iii) post-judgment fees and expenses incurred by the Bank with

respect to the Properties (collectively, the "Post Judgment Charges").

    2.    The Bank will forbear until June 27, 2005 (the "Payment Date") from seeking

or taking any action or otherwise seeking relief with respect to the Judgments, the Lunn

Entities, or the Bank's interests in the Properties, and will consent to a sale of the Properties

by the Lunn Entities as debtors-in-possession under 11 U.S.C. §363, on the condition that (i)

---

[1] As of April 22, 2005, $85,828.07 for the 119th Property, $46,932.01 for the Kostner South Property, and
$23,141.14 for the Kostner North Property.

284458v2

this Stipulation is entered into by the Lunn Entities and approved by the Bankruptcy Court

under Bankruptcy Rules 4001 and 9019 by the Approval Date and (ii) from the proceeds of the

sale of each Property, at the time of sale of the Property the Bank will be paid (free from the

claims or interests of any other party) the following amounts:

> (i)      the amount of its Judgment with respect to that Property, provided that, in the
> event the Kostner North Judgment is not satisfied before the South Kostner Property is
> sold, from the sale proceeds of the South Kostner Property the Bank reserves the right
> to receive the full amount of the Kostner South Judgment ($22,280,098.74) reduced by
> any amounts paid after the date of this Stipulation on the Kostner North Judgment such
> reduction not to exceed that portion of the Kostner South Judgment that is attributable
> to the Bank's mortgage on the Kostner North Property; and

> (ii)     all Post Judgment Charges related to or incurred in connection with the
> Judgment or the Property (including, for the South Kostner Property, Post Judgment
> Charges that relate to the full amount of the Judgment).

provided that if, and only if, the Bank has actual, unconditional receipt of $40,885,559.47 (the

sum of the Judgments plus the Taxes plus $225,000)(the "Reduced Payoff Proceeds") on or

before the Payment Date from the sale of the Properties, then (i) the Bank shall be deemed to

have waived any other Post Judgment Charges with respect to the Judgments and/or the

Properties, (ii) the Bank shall be deemed to have released the Lunn Entities and their estates

from any claims, (iii) the Lunn Entities and their estates shall be deemed to have released the

Bank from any claims, and (iv) no party, other than the Bank or its assign, shall have any right

to or interest in the Reduced Payoff Proceeds.  The release of any party hereunder shall

include that party's officers, directors, agents, attorneys, and assigns.  For purposes of the

foregoing release provision, "claim" has the meaning set forth in 11 U.S.C. §101, includes

any right to an equitable remedy, and (with respect to the release of the Bank) includes any

claims, rights, or causes of action under Chapter 5 of the Bankruptcy Code.

> 3.      Any earnest money or similar deposit made with respect to an offer to purchase

4

a Property, shall, if forfeited, be paid to the Bank for application to the applicable Judgment.

4.      The Bank, without taking further action in the Bankruptcy Court, shall have relief from the automatic stay of 11 U.S.C. § 362 with respect to the Judgments, the Lunn Entities, and all of its other rights and claims against the Properties if all of the Properties have not been sold and proceeds therefrom received by the Bank by the Payment Date.

5.      Pursuant to Rules 4001(d) and 9019 of the Federal Rules of Bankruptcy Procedure, copies of the Motion and this Stipulation, and a notice of hearing and opportunity to object thereto, were served on: (i) the creditors included on the list filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (ii) the United States Trustee; (iii) on all parties who have requested notice in the Lunn Entities' Cases and (iv) on the International Bank of Chicago, Ron Laverdure dba KII Concrete, The Blitz Corporation, Baker Development Corporation, Anchor Brake Shoe, L.L.C. and 26th and Kostner Redevelopment Group. Under the circumstances, the notice to the parties listed above is adequate.

6.      The Lunn Entities are authorized to enter into this Stipulation with the Bank.

7.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before this Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and local rules of this Court.

8.      The notice of the Motion provided under Rules 4001(d) and 9019 of the Federal Rules of Bankruptcy Procedure is adequate.

9.      Each of the undersigned counsel represents that he/she is authorized to execute

5

this Stipulation on behalf of his/her respective client.

10.    This Stipulation may be executed in multiple counterparts, any of which may be

transmitted by facsimile, and each of which shall be deemed an original, but all of which

together shall constitute one and the same instrument.

**SO APPROVED AND ORDERED** this ____ day of _____, 2005.


_____

Hon. Susan Pierson Sonderby
United States Bankruptcy Judge


**SO STIPULATED AND AGREED** this ___ day of ____, 2005.


LUNN 119th LLC                                      LUNN 26th LLC

By: _____              By: _____
    One of Its Attorneys                              One of Its Attorneys
David M. Neff, Esq.                                 David M. Neff, Esq.
William Choslovsky, Esq                       William Choslovsky, Esq
DLA Piper Rudnick Gray Cary US LLP    DLA Piper Rudnick Gray Cary US LLP
203 N. LaSalle Street, Suite 1900           203 N. LaSalle Street, Suite 1900
Chicago, IL 60601                                   Chicago, IL 60601


PARKWAY BANK AND TRUST
COMPANY

By: _____
    One of Its Attorneys
William J. Barrett (6206424)
Kimberly J. Robinson (6194420)
Barack Ferrazzano Kirschbaum Perlman &
Nagelberg LLP
333 West Wacker Drive, Suite 2700
Chicago, IL 60606

6

284458v2