**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05 B 04533 |
| ROBERT J. LUNN, *et al.*, | ) | (Jointly Administered) |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | |

**NOTICE OF HEARING ON FOURTH AND FINAL FEE APPLICATION OF
DLA PIPER RUDNICK GRAY CARY US LLP FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD
FEBRUARY 10, 2005 THROUGH AND INCLUDING MAY 23, 2006**

    **PLEASE TAKE NOTICE** that on Wednesday, August 16, 2006, at 10:00 a.m., we shall appear before the Honorable Susan Pierson Sonderby, Room 642, United States Bankruptcy Court, 219 South Dearborn, Chicago, Illinois 60604, and shall then and there present the *Fourth and Final Fee Application of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses incurred during the period from February 10, 2005 through and including May 23, 2006* (the "Application"), at which time and place you may appear as you see fit. A copy of the Application may be obtained by contacting the undersigned.

| Applicant | Total Fees Requested | Total Expenses Requested |
|---|---|---|
| **DLA PIPER RUDNICK GRAY CARY US LLP** Counsel to the Debtors | $1,921,511.80 | $76,925.04 |

**PLEASE TAKE FURTHER NOTICE** that any party wishing to object to the application shall file such objection <u>in writing</u> with the Clerk of the United States Bankruptcy Court, at 219 South Dearborn, Chicago, Illlinois 60604, on or before August 9, 2006 (the "Objection Deadline"). If you file an objection or response to the Application, it must also be served on the Applicant, the Debtors, and the Office of the United States Trustee so as to be received by all such parties on or before the Objection Deadline.

**DLA PIPER RUDNICK GRAY CARY US LLP**

Dated: Chicago, Illinois
      July 20, 2006

By: <u>/s/ David M. Neff</u>
    David M. Neff (ARDC #06190202)
    William Choslovsky (ARDC #06224664)
    Brian A. Audette (ARDC #06277056)
    **DLA PIPER RUDNICK GRAY CARY US LLP**
    203 North LaSalle Street - Suite 1900
    Chicago, Illinois 60601
    (312) 368-4000

chgo1\30804027.1

## CERTIFICATE OF SERVICE

David M. Neff, an attorney, certifies that on July 20, 2006, he caused the foregoing *Notice of Hearing on Fourth and Final Fee Application of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period February 10, 2005 through and including May 23, 2006 (the "Notice")* to be filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

Janice A. Alwin
jalwin@shawgussis.com

Andrew J. Annes
aannes@sabt.com

Marc O. Beem
mbeem@millershakman.com
mpadilla@millershakman.com

Darren L. Besic
dbesic@aol.com

Timothy L. Binetti
tlb@rbsslaw.com

Kenn Brotman
kbrotman@kelleydrye.com
sdunlap@kelleydrye.com

Abraham Brustein
abrustein@dimonteandlizak.com

William J. Connelly
wconnelly@hinshawlaw.com

Jay S. Dobrutsky
sdobrutsky@burkelaw.com

William J. Factor
wfactor@seyfarth.com

Joseph D. Frank
jfrank@fgllp.com
ccarpenter@fgllp.com

Michael J. Golde
mgolde@fgllp.com
ccarpenter@fgllp.com

Richard N. Golding
rgolding@wr-llp.com

John J. Grieger
jgrieger@weltman.com

Susan N. Gummow
sgummow@clausen.com

Steven R. Jakubowski
sjakubowski@colemanlawfirm.com

Alexander D. Kerr
akerr@tishlerandwald.com

Kathryn A. Klein
iln@riezmanberger.com

Micah R. Krohn
mkrohn@fgllp.com
ccarpenter@fgllp.com

Richard S. Lauter
rlauter@seyfarth.com

Edward J. Lesniak
elesniak@burkelaw.com

John D. Lien
jlien@foley.com

Sara E. Lorber
slorber@seyfarth.com

Matthew Luzadder
mluzadder@kelleydrye.com

Alec M. McAusland
lw00554@cityofchicago.org

Brian H. Meldrum
bmeldrum@jenner.com

Eric J. Munoz
emunoz@scandagliaryan.com
dduncan@scandagliaryan.com
djames@scandagliaryan.com

Jill L. Murch
jmurch@foley.com
ypena@foley.com

William T. Neary
USTPRegion11.ES.ECF@usdoj.gov

Kristine S. Phillips
kphillips@osalaw.com

Alex Pirogovsky
apirogovsky@uhlaw.com

Richard Polony
rpolony@hinshawlaw.com

Steven R. Rappin
srappin@h-rltd.com

Gerard D. Ring
gring@burkelaw.com

Kimberly J. Robinson
kimberly.robinson@bfkpn.com

Steven J. Roeder
sjr@willmont.com

Rebecca M. Shanaman
rshanaman@mcdnslaw.com

Catherine L Steege
csteege@jenner.com
docketing@jenner. com

Ellen G. Sullivan
esullivan@clausen.com

Gloria C. Tsotsos
nd-three@il.cslegal.com

Timothy E. Weilandt
tweilandt@mcdnslaw.com

Ariel Weissberg
ariel@weissberglaw.com

Zane L. Zielinski
zzielinski@fgllp.com

In addition, the parties listed on the attached service list were served with the Notice on

July 20, 2006 by regular U.S. mail, postage prepaid.  Parties may access this filing through the

Court's CM/ECF system.

/s/ David M. Neff
David M. Neff (ARDC #06190202)
William Choslovsky (ARDC #06224664)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street - Suite 1900
Chicago, Illinois 60601
(312) 368-4000

2

**SERVICE LIST**

C. Barry Montgomery
Williams Montgomery & John Ltd
20 N. Wacker Drive, Suite 2100
Chicago, IL  60606

American Express Travel Related Services
Gilbert Weisman
Becket & Lee LLP
P.O. Box 3001
Malvern, PA  19355-0701

Chubb Group of Insurance Companies
P.O. Box 7247-0180
Philadelphia, PA  19170-0180

Ariel Weissberg
Noelle Ansley
Ignacio D. Maramba
Weissberg & Associates, Ltd., Suite 403
401 South LaSalle Street
Chicago, IL  60605

City Of Chicago
Corporation Counsel, Karen M. Coppa
30 N. LaSalle St., Rm. 900
Chicago, IL  60602

Associated Bank
c/o McCarthy Duffy Neidart
180 North LaSalle Street
Chicago, IL  60601

David Fischer
Wildman & Harrold
Suite 3000
225 West Wacker Drive
Chicago, IL  60606

Bernard J. Conway
Bernard J. Conway P.C.
1365 North Dearborn
Chicago, IL  60610

John J. Delaney
Condon & Forsyth, LLP
1016 South Sixteenth Street, N.W.
Seventh Floor
Washington, D.C. 20036

Chicago Golf Club
P.O. Box 467
Wheaton, IL  60180

Richard B. Polony
Willliam J. Connelly
Tom Lester
Hinshaw & Culbertson LLP
222 N. LaSalle St., Ste. 300
Chicago, IL  60601-1081

Bank One
Attn: Correspondence
P.O. Box 15298
Wilmington, DE  19850

Thomas H. Stone
1780 Green Bay Road, Ste 202
Highland Park, IL  60035-3220

Edward J. Lesniak
Jay S. Dobrutsky
Gerard D. Ring
Burke, Warren, McKay & Serritella PC
22nd Floor
330 North Wabash Avenue
Chicago, IL  60611-3607

Michael T. Prousis
Assistant Attorney General and
 Bureau Chief
Unemployment Insurance Bureau of the
 Illinois Attorney General
33 South State Street, Suite 992
Chicago, IL  60603

Gretchen Silver
Office of the U.S. Trustee
Suite 3350
227 West Monroe Street
Chicago, IL  60606

Robert J Lunn
4804 S Woodlawn
Chicago, IL  60615

James Newbold
Assistant Attorney General
Revenue Litigation Bureau
Office of the Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL  60601

RSM McGladrey, Inc.
20 N. Martingale Road
Suite 500
Schaumburg, IL  60173-2420

Robert Shaw
Julian Saul
C/O Shaw Industries
P.O. Drawer 2128
Dalton, GA  30722

Verizon Wireless
Attn: Sharon West
Recovery Department
1515 Woodfield Rd, Suite 1400
Schaumburg, IL 60173

Steven R. Jakubowski
Robert F. Coleman & Associates
77 W. Wacker, Suite 4800
Chicago, IL 60601

Richard N. Golding
Benjamin D. Steiner
Weinberg Richmond LLP
333 West Wacker Drive
Suite 1800
Chicago, IL 60606

R. Scott Alsterda, Kevin P. Shea,
 Steven J. Thompson
Ungaretti & Harris
Three First National Plaza
Suite 3500
70 West Madison Street
Chicago, IL 60602

Paul E. Chronis, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606

Robert Little
Office of the District Counsel of the
 United States Internal Revenue Service
Suite 2300
200 West Adams Street
Chicago, IL 60606

Timothy E. Weilandt
McCarthy Duffy
180 North LaSalle Street
Suite 1400
Chicago, Illinois 60601

Scott R. Clar
Crane, Heyman, Simon ,Welch & Clar
Suite 3705
135 South LaSalle Street
Chicago, IL 60603-4297

Rudy J. Mulder
2241 Greenview Road
Northbrook, IL 60062

Cook County Treasurer
118 N. Clark St., Rm 212
Chicago, IL 60602-1395

Donald L. Schramm
Rieff Schramm & Kanter
100 N. LaSalle Street
Suite 2300
Chicago, IL  60602

Commonwealth Edison
System Credit/Bankruptcy Department
2100 Swift Drive
Oak Brook, IL  60523

Abraham E. Brustein
DiMonte & Lizak, LLC
216 W. Higgins
Park Ridge, IL  60068

Steven R. Rappin
Daniel H. Olswang
Hauselman & Rappin Ltd.
39 S. LaSalle Street
Suite 1105
Chicago, IL  60603

Steven J. Roeder
Williams Montgomery & John, Ltd.
20 N. Wacker Drive
Suite 2100
Chicago, IL 60606

Richard S. Ralston
Weinstein & Riley, P.S.
2101 4th Avenue, Suite 900
Seattle, WA 98121

Eva Losacco
663 Circle Lane
Lake Forest, IL 60045

Robert G. McLennan
c/o Beacon Management Co.
1670 Wolf Road
Wheeling, IL 60610-2092

Janice A. Alwin
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610

Andrew J. Annes
Schenk, Annes, Brookman & Tepper
311 South Wacker Drive, Suite 5125
Chicago, IL 60606-6657

Kenn Brotman
Matthew Luzadder
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606

Richard S. Lauter, William J. Factor
Sara E. Lorber
Seyfarth Shaw LLP
55 East Monroe Street
Suite 4200
Chicago, IL 60603

Joseph D. Frank, Michael J. Golde,
Micah R. Krohn, Zane L. Zielinski
Frank/Gecker LLP
325 N. LaSalle, Suite 625
Chicago, IL  60610

Susan N. Gummow
Clausen Miller
10 South LaSalle Street
Chicago, IL 60603-1098

Alexander D. Kerr
Tishler & Wald, Ltd.
200 S. Wacker Drive, Suite 300
Chicago, IL 60606

John D. Lien
Jill L. Murch
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60610

Eric J. Munoz
Scandaglia & Ryan
55 E. Monroe
39th Floor
Chicago, IL 60603

Kristine S. Phillips
O'Hagan, Smith & Amudsen, LLC
150 N Michigan Ave
Suite 3300
Chicago, IL 60601

Alex Pirogovsky
Ungaretti & Harris
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602

Steven R. Rappin
Hauselman & Rappin
39 South LaSalle Street, Suite 1105
Chicago, IL 60603

Kimberly J. Robinson
Barack Ferrazzano Kirschbaum
  Perlman & Nagelberg LLP
333 West Wacker Drive, Suite 2700
Chicago, IL 60606

Kathryn A. Klein
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05 B 04533 |
| ROBERT J. LUNN, et al., | ) | (Jointly Administered) |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | |

## FOURTH AND FINAL FEE APPLICATION OF DLA PIPER RUDNICK GRAY CARY US LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FEBRUARY 10, 2005 THROUGH AND INCLUDING MAY 23, 2006

DLA Piper Rudnick Gray Cary US LLP ("DLA Piper") (hereinafter sometimes referred to as the "Applicant"), as counsel to Robert J. Lunn ("Lunn"), Lunn 119th LLC ("Lunn 119th"), and Lunn 26th LLC ("Lunn 26th" and together with Lunn and Lunn 119th, the "Debtors"), and pursuant to Sections 330, 331 and 504 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of Bankruptcy Practice and Procedure of the United States Bankruptcy Court For the Northern District of Illinois (the "Local Rules"), submits this final fee application (the "Application") of DLA Piper for allowance of compensation for services rendered and reimbursement of expenses incurred as counsel to the Debtors for the period February 10, 2005 through and including May 23, 2006 (the "Application Period"). DLA Piper requests the entry of an order awarding it final compensation of $1,921,511.80 for professional services rendered to the Debtors and reimbursement of its

ordinary and necessary costs of $76,886.82 incurred throughout its representation of the Debtors.[i]

In support of this Application, DLA Piper states as follows:

## I.    BACKGROUND, CASE UPDATE AND FEE APPLICATIONS

### A.    Chapter 11 Filings and DLA Piper's Retention

1.    On February 10, 2005, Panduit Corp., Jack E. Caveney and Margaret C. Caveney

filed an involuntary bankruptcy petition (the "Involuntary Petition") against Lunn (Case No. 05 B

04533) in the United States Bankruptcy Court for the Northern District of Illinois, Eastern

Division (the "Bankruptcy Court").

2.    On March 23, 2005, before the Involuntary Petition was adjudicated, Lunn

consented to the entry of an Order for Relief under Chapter 7 of the Bankruptcy Code, and the

Bankruptcy Court concurrently entered an Order Granting Lunn's Routine Motion for

Conversion to Chapter 11.

3.    On March 30, 2005, Lunn 119th (Case No. 05 B 11666) and Lunn 26th (Case No.

05 B 11672) each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.    On April 6, 2005, the Bankruptcy Court entered an Order Directing Joint

Administration of Cases for the Lunn, Lunn 119th, and Lunn 26th cases.

5.    On April 6, 2005, the Bankruptcy Court entered an Order Granting Application

for an Order Authorizing the Employment and Retention of DLA Piper Rudnick Gray Cary US

---

[i] As described in more detail herein, DLA Piper's final request for compensation and reimbursement of ordinary and necessary expenses in this Application consists of three components: (a) DLA Piper's fees in the amount of $473,939.30 (the "New Fees") and expenses in the amount of $21,442.57 (the "New Expenses" and together with the New Fees, the "New Fees & Expenses") incurred during the period February 1, 2006 through May 23, 2006 (the "New Application Period"); (b) interim compensation in the amount of $1,395,332.25 (the "Interim Fees") and reimbursement of expenses totaling $55,444.25 (the "Interim Expenses" and together with the Interim Fees, the "Interim Fees & Expenses") awarded pursuant to Bankruptcy Court Orders dated July 19, 2005, November 23, 2005 and April 5, 2006; and (c) a 10% holdback of $52,240.25 for fees (the "Holdback") set forth in the Bankruptcy Court's Order dated November 23, 2005.

chgo1\30804031.3

LLP and Affiliated Law Practice Entities as Attorneys for the Debtors (the "Retention Order")

(Dkt. No. 105).   The Retention Order provides, among other things, that: (a) DLA Piper's

retention is effective as of February 10, 2005 for Lunn and as of March 30, 2005 for Lunn 119th

and Lunn 26th; and (b) "[a]ny awards of compensation or reimbursement of expenses shall be

made pursuant to further orders of this Bankruptcy Court." Retention Order, ¶¶ 1 and 2.[2]

### B.   Case Summary and Update

  1.   *Sales of Assets*

6.   On April 8, 2005, Lunn 26th and Lunn 119th filed the Debtors' Motion for Order

Pursuant to Section 363 of the Bankruptcy Code; (A) Authorizing and Approving Purchase and

Sale Agreement with Primestor Chicago LLC; (B) Authorizing the Sale of Certain Property, Free

and Clear of All Liens, Claims, Interests, Charges and Encumbrances, Subject to the Terms of

the Purchase and Sale Agreement and Subject to Higher and/or Better Qualified Offers; (C)

Authorizing Debtors to Consummate All Transactions Related to the Above; (D) Granting Other

Relief Including Scheduling Auction and Approving Break-Up Fee; and (E) Approving Bidding

Procedures (the "Sale Motion").   The Sale Motion proposed the sale of substantially all the assets

(the "Assets") of Lunn 119th and Lunn 26th.

7.   On May 11, 2005, the Bankruptcy Court entered an Order approving the bidding

procedures requested in the Sale Motion.   On June 1, 2005 the Bankruptcy Court entered an

---

[2] On April 14, 2005, Lunn Partners Securities, L.L.C. ("Lunn Securities") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.   Lunn Partners, LLC ("Lunn Partners"), an entity in which Lunn owns a majority interest, is the managing member of Lunn Securities. On May 11, 2005, the Bankruptcy Court entered an Order authorizing Lunn Securties' retention of DLA Piper.   On August 19, 2005, creditors filed an involuntary Chapter 7 bankruptcy petition against Lunn Partners.   On September 21, 2005, Lunn Partners consented to an order for relief and converted its case to Chapter 11.   On that same date, the Bankruptcy Court entered an Order authorizing Lunn Partners' retention of DLA Piper. This Application does not include a request for compensation relating to any of DLA Piper's services rendered to Lunn Securities or Lunn Partners, and DLA Piper will separately petition the Bankruptcy Court for its fees and expenses associated with those services.

Order Authorizing and Approving the Sale of Properties Free and Clear of all Liens, Claims and Encumbrances and Providing Related Relief (the "Sale Order"). The Sale Order authorized the sale of the Assets (the "Asset Sale") to Primestor Little Village LLC and Primestor 119, LLC (collectively, the "Purchasers") for $62,400,000. The Asset Sale closed on June 14, 2005, and as a result, the Debtors' estates received approximately $20 million after satisfaction of the first and second mortgages against the Assets. In so doing, the Debtors, through DLA Piper, were able to get the first mortgage holder, Parkway Bank, to forego approximately $3.1 million in accrued interest, and to get the second mortgage holder, International Bank of Chicago, to similarly reduce its claim by over $50,000, thereby together saving the Debtors' estates approximately $3.2 million. In addition, the Purchasers assumed approximately $500,000 of debt that otherwise would have been the responsibility of the estates of Lunn 119th and Lunn 26th. All said, the Debtors, through their counsel, effectively saved the Debtors' estates approximately $3.7 million, which inures to the benefit of all creditors in these cases.

8.      DLA Piper attorneys also negotiated and consummated the sale of Lunn's interest in Valley Hyundai Realty, LLC ("VHR") and Valley Auto Group ("VAG" and together with VHR, "Valley Hyundai") to Joseph Cusimano IRA ("Cusimano"), the terms of which, as approved by the Bankruptcy Court on November 30, 2005, were as follows:

   a.      Cusimano paid $100,000 cash for Lunn's interest in Valley Hyundai;

   b.      Cusimano reduced his claims totaling $5,166,773.49 to a single allowed general unsecured, non-priority claim against Lunn in the amount of $1,063,178;

   c.      Valley Hyundai withdrew its claims totaling at least $184,000 with prejudice;

4

d.    Timothy Lavender ("Lavender"), who held a claim as agent for Cusimano, agreed to reduce his claim to a single allowed general unsecured, non-priority claim against Lunn in the amount of $500,000; and

e.    Lunn would be released from a personal guaranty to Valley Bank that relates to VAG.

2.    *Claims Analysis and Objection*

9.    Approximately 112 claims were filed against the Debtors' estates totaling approximately $250,000,000 (collectively, the "Claims"). DLA Piper attorneys filed objections (collectively, the "Claim Objections") to more than 100 Claims. DLA Piper attorneys: (a) worked diligently to review virtually thousands of documents relating to the Claims; (b) conducted numerous interviews of Lunn and other creditors and claimants in connection with the Claims; (c) engaged in substantial settlement discussions and conferences with certain claimants and their counsel in an effort to reach amicable Claims' resolutions; (d) engaged in discovery with respect to the Claims; (e) prepared motions to settle and compromise certain of the Claims; and (f) conducted numerous telephone and office conferences with the Debtors' consultants, Alvarez & Marsal Dispute Analysis and Forensic Services, LLC ("Alvarez"), regarding the Debtors' Claims analysis and reconciliation process. As a result, DLA Piper attorneys were able to amicably compromise all but three of the Claims as of the date of this Application.

3.    *Motion to Convert*

10.    Panduit Corp., Jack E. Caveney, Margaret C. Caveney, Caveney Family Limited Partnership and Ridgeland Investors (collectively, the "Caveneys") filed a Motion to Convert the Jointly Administered Proceedings to Cases Under Chapter 7 of the Bankruptcy Code (the "Motion to Convert"). As a result, DLA Piper attorneys expended significant time and resources researching both the legal and factual issues raised by the Motion to Convert, and contested the Motion to Convert by filing pleadings in opposition thereto and attending Bankruptcy Court

5

hearings associated therewith.  DLA Piper attorneys also regularly communicated and negotiated

with counsel to the Caveneys.  DLA Piper's efforts ultimately led to the Caveneys withdrawing

the Motion to Convert.

4.   *Plan Confirmation*

11.   After months of DLA Piper's extensive negotiations with the Debtors' major

creditors and the preparation of four iterations of a joint Chapter 11 plan, on May 15, 2006, the

Bankruptcy Court entered an Order Confirming Debtors' Fourth Amended Joint Chapter 11 Plan

(the "Confirmation Order").[3]  The effective date of the Plan was May 23, 2006.[4]  Pursuant to the

Plan, the Debtors' estates have been substantively consolidated and John C. Wheeler has been

appointed Liquidation Trustee.  The Plan is a liquidating plan that will distribute available cash

(almost all of which is available as a result of the Asset Sale) in the Debtors' estates to unsecured

creditors.  Indeed, the Liquidation Trustee under the Plan has now made distributions to all

creditor classes except Class IV because of the unresolved claim of Baker Development

Corporation ("Baker").

**C.   Fee Applications**

12.   On June 28, 2005, DLA Piper filed and served the First Interim Fee Application

of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services

Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period February 10,

2005 through and including May 31, 2005 (the "First Interim Application"), seeking

reimbursement of fees in the amount of $353,850.00 and reimbursement of expenses in the

amount of $15,771.22.

---

[3]   The Debtors' Fourth Amended Joint Chapter 11 Plan (the "Plan") relates solely to the estates of Lunn,
Lunn 119th and Lunn 26th, and does not address Lunn Partners or Lunn Securities.

13.    On July 19, 2005, the Bankruptcy Court granted the First Interim Application and entered the Order Allowing Interim Compensation Pursuant to the First Interim Fee Application of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period February 10, 2005 Through and Including May 31, 2005 (the "First Interim Order"), which approved DLA Piper's compensation for professional services rendered in the amount of $352,370.00 and reimbursement of its actual, necessary expenses in the amount of $14,874.42.

14.    On October 26, 2005, DLA Piper filed and served the Second Interim Fee Application of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period June 1, 2005 through and including September 30, 2005 (the "Second Interim Application"), seeking reimbursement of fees in the amount of $533,378.00 and reimbursement of expenses in the amount of $20,657.06.

15.    On November 23, 2005, the Bankruptcy Court granted the Second Interim Application and entered the Order Allowing Interim Compensation Pursuant to the Second Interim Fee Application of DLA Piper Rudnick Gray Cary US LLP For Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period June 1, 2005 Through and Including September 30, 2005 (the "Second Interim Order"), which approved DLA Piper's compensation for professional services rendered in the amount of $470,162.25 and reimbursement of its actual, necessary expenses in the amount of $20,088.58.    The allowed interim compensation of $470,162.25 was 90% of the interim

---

[4] Because the effective date of the Plan was May 23, 2006, this Application only covers DLA Piper's request for fees and expenses through that date, as required by the Plan.

7

compensation sought of $522,402.50. The Bankruptcy Court authorized DLA Piper to seek the remaining 10% (i.e., the Holdback) pursuant to this Application.

16.    On March 1, 2006, DLA Piper filed and served the Third Interim Fee Application of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period October 1, 2005 through and including January 31, 2006 (the "Third Interim Application" and together with the First Interim Application and Second Interim Application, the "Interim Applications"), seeking reimbursement of fees in the amount of $572,800.00 and reimbursement of expenses in the amount of $20,499.25.

17.    On April 5, 2006, the Bankruptcy Court granted the Third Interim Application and entered the Order Allowing Interim Compensation Pursuant to the Third Interim Fee Application of DLA Piper Rudnick Gray Cary US LLP For Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period October 1, 2005 Through and Including January 31, 2006 (the "Third Interim Order" and together with the First Interim Order and the Second Interim Order, the "Interim Orders"), which approved DLA Piper's compensation for professional services rendered in the amount of $572,800.00 and reimbursement of its actual, necessary expenses in the amount of $20,481.25.

18.    The Interim Fees & Expenses awarded to DLA Piper pursuant to the Interim Orders total $1,450,776.50 and the Holdback totals $52,240.25.

19.    This is DLA Piper's fourth and final fee request. DLA Piper seeks entry of a *final* order authorizing and allowing *final* compensation of $1,921,511.80 for work performed on behalf of the Debtors from February 10, 2005 through and including May 23, 2006 (the entire duration of DLA Piper's representation of the Debtors) and reimbursement of its actual and

chgo1\30804031.3

necessary expenses in the amount of $76,886.82 incurred during that same period, which are comprised of: (a) the New Fees ($473,939.30); (b) the New Expenses ($21,442.57); (c) the Interim Fees ($1,395,332.25); (d) the Interim Expenses ($55,444.25); and (e) the Holdback ($52,240.25).

20.    DLA Piper submits that all services and costs for which compensation is requested in this Application were reasonable and necessary and were performed for and on behalf of the Debtors and not for or on behalf of any other person.

**II.    JURISDICTION**

21.    The Bankruptcy Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). The statutory bases for the relief requested herein are Sections 330, 331 and 504 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

**III.    NATURE OF LEGAL SERVICES PERFORMED BY DLA PIPER**

22.    DLA Piper has served as counsel to the Debtors at all times during these cases. As part of that role, DLA Piper has devoted time to numerous and complex legal matters in these cases.

23.    As detailed above, DLA Piper has filed three Interim Applications. The Interim Applications have been subject to prior Bankruptcy Court and creditor scrutiny, review and approval. Accordingly, for efficiency sake and to avoid redundancy, the detailed billing entries contained herein and attached hereto relate solely to the New Application Period because the Bankruptcy Court has not previously reviewed and approved fees and expenses for this period. The Interim Fee Applications, which are voluminous, are available for review upon request. All of the professional services that DLA Piper rendered to the Debtors during the New Application

9

Period are set forth in detail in Group Exhibit "A," segregated according to project billing categories pursuant to Local Rule 5082-1. Without limiting the detailed descriptions in Group Exhibit "A," a brief description and summary of certain services rendered during the New Application Period are provided below by project category as maintained by DLA Piper.

A.    **Automatic Stay**: (Total Hours: 25.00, Total Fees: $10,311.00)

24.    During the New Application Period, DLA Piper attorneys reviewed and analyzed motions by creditors seeking relief from the automatic stay to proceed against the proceeds of certain insurance policies. In connection therewith, DLA Piper's attorneys communicated with counsel to these creditors, drafted responses to certain of the motions, drafted and negotiated agreed orders granting relief from the automatic stay for certain creditors and attended Bankruptcy Court hearings related to these motions and agreed orders. As a result of these efforts, DLA Piper eliminated Claims of millions of dollars against the Debtors' estates as these claimants agreed to seek recovery only against any applicable insurance policy.

25.    In addition, DLA Piper attorneys also reviewed motions by banks and finance companies seeking relief from the automatic stay to initiate foreclosure actions against Lunn's residence and to repossess his automobiles. In connection therewith, DLA Piper attorneys communicated with counsel to the banks and finance companies, prepared certain pleadings in response to such motions and resolved all such matters consensually.

26.    In connection with the foregoing, DLA Piper attorneys expended 25.00 hours for which DLA Piper seeks compensation of $10,311.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-1."

chgo1\30804031.3

**B.**     <u>**Accounting issues and communications with accountants**</u>: (Total Hours: 29.10, Total Fees: $11,440.00)

27.     During the New Application Period, DLA Piper attorneys conducted legal research and participated in office conferences regarding the tax implications on the Debtors' estates as a result of the Asset Sale. Also, on March 13, 2006, the Bankruptcy Court entered an Order Granting Debtors' Application to Retain Plante & Moran, PLLC as Debtors' Accountants. Plante & Moran, PLLC ("P&M") was retained to assist the Debtors with preparing 2004 and 2005 tax returns and sorting out the implications of the Asset Sale. During the New Application Period, DLA Piper attorneys regularly communicated with members of P&M and attended extensive office conferences with members of P&M to ensure the accuracy of the Debtors' 2004 and 2005 tax returns.

28.     In addition, during the New Application period, DLA Piper attorneys regularly communicated with and conducted office conferences with members of Alvarez concerning the Debtors' business affairs and the Claims submitted against the Debtors' estates. Alvarez provided detailed summaries of the Debtors' assets and business dealings, which DLA Piper attorneys utilized to review, analyze and reconcile the Claims.

29.     In connection with the foregoing, DLA Piper attorneys expended 29.10 hours for which DLA Piper seeks compensation of $11,440.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-2."

**C.**     <u>**Case Administration**</u>: (Total Hours: 111.20, Total Fees: $33,108.00)

30.     During the New Application Period, DLA Piper attorneys handled numerous matters relating to the administration of the Debtors' estates. DLA Piper attorneys frequently communicated with Lunn, parties in interest, and particularly with creditors and their counsel

11

regarding all aspects of these Chapter 11 cases.  DLA Piper attorneys conducted numerous teleconferences and office meetings with these parties to: (a) coordinate the continued administration of these Chapter 11 cases; (b) discuss case status, strategy and issues going forward; and (c) address creditor requests for information and documentation.

31.    DLA Piper attorneys and paralegals continually reviewed numerous documents and conducted extensive office conferences in an effort to: (a) formulate and maintain a case strategy; (b) fully understand the Debtors' pre-petition activities and business dealings; and (c) identify issues that ultimately needed to be addressed in the Plan.  In connection therewith, DLA Piper's paraprofessionals maintained detailed case files, regularly reviewed the Bankruptcy Court's docket and claims registers for updated claims and pleadings and regularly communicated with the Bankruptcy Court regarding filing and scheduling requirements.

32.    During the New Application Period, DLA Piper attorneys also prepared for and attended numerous Bankruptcy Court hearings relating to, among other matters, Claim Objections, motions for relief from the automatic stay, and the Plan.  DLA Piper's extensive efforts – which were made more difficult by the Debtors' lack of any employees and their extremely complex business dealings – have minimized the costs associated with administering the Debtors' estates and maintained a framework for continued, efficient case administration.

33.    In connection with the foregoing, DLA Piper attorneys expended 111.20 hours for which DLA Piper seeks compensation of $33,108.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-3."

    **D.**    <u>**Claims Administration and Objections**</u>: (Total Hours: 629.00, Total Fees: $242,613.00)

34.    Prior to the New Application Period, DLA Piper attorneys prepared and filed the Claim Objections.  In connection therewith and during the New Application Period, DLA Piper

attorneys: (a) regularly communicated and negotiated with certain claimants and their counsel (via teleconferences and office meetings); (b) conducted extensive teleconferences and office meetings with Lunn; (c) conducted office meetings regarding the Claims administration process and strategy for the continued resolution of the Claims and Claim Objections; (d) researched and investigated the complex legal issues associated with the Claims; (e) engaged in substantial discovery with a number of claimants; (f) prepared summary judgment pleadings in connection with certain Claim Objections; (g) engaged in mediation (and prepared position statements in connection therewith) with certain of the claimants; and (h) drafted motions for Bankruptcy Court approval of compromises reached with certain claimants.

35.    DLA Piper's efforts in the Claims administration process maximized the potential distribution to unsecured creditors under the Plan by eliminating duplicative, overstated and/or improperly asserted claims.  Ultimately, DLA Piper attorneys were able to amicably resolve the vast majority of Claims without having to expend the estates' resources to engage in lengthy and expensive litigation.

36.    In connection with the foregoing, DLA Piper attorneys expended 629.00 hours for which DLA Piper seeks compensation of $242,613.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-4."

E.    **Correspondence and Telephone Calls with Creditors**: (Total Hours: 5.80, Total Fees: $2,947.00)

37.    During the New Application Period, DLA Piper attorneys regularly communicated with the Debtors' creditors and their counsel regarding all aspects of the Debtors' cases, including, without limitation, the Asset Sale, the Claims, the Plan, the Motion to Covert, and the general status of the Debtors' estates.  As a result, DLA Piper attorneys were able to minimize

13

the time, effort and costs associated with representing the Debtors, as such open communication with the Debtors' creditors and their counsel minimized the pleadings filed in these cases, which in turn also had the effect of minimizing the burden on the Bankruptcy Court associated with the Debtors' cases.

38.    In connection with the foregoing, DLA Piper attorneys expended 5.80 hours for which DLA Piper seeks compensation of $2,947.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-5."

**F.    Litigation (General):** (Total Hours: 34.90, Total Fees: $11,887.00)

39.    During the New Application Period, DLA Piper attorneys reviewed, analyzed and monitored certain litigation pending outside the Bankruptcy Court against the Debtors and certain of the Debtors' creditors. In connection therewith, DLA Piper attorneys communicated with counsel involved in such litigation, including counsel to the Debtors' creditors, in an effort to try to resolve such litigation and fully understand its impact, if at all, on the Debtors' estates.

40.    Moreover, during the New Application Period, DLA Piper attorneys investigated a potential legal malpractice cause of action against Abraham Brustein and DiMonte & Lizak LLC (collectively "DiMonte & Lizak"), the Debtors' former lawyers. This investigation revealed that Lunn had a cause of action against DiMonte & Lizak for legal malpractice associated with certain judgments totaling $11,754,103 obtained against Lunn and Lunn Partners at a time when DiMonte & Lizak represented them. Thus, on May 1, 2006, Lunn and Lunn Partners filed the Debtors' Complaint Against Abraham Brustein and DiMonte & Lizak LLC (the "Adversary Proceeding") asserting a legal malpractice cause of action against DiMonte & Lizak and objecting to DiMonte & Lizak's proof of claim. The Adversary Proceeding is pending in the Bankruptcy Court as Adversary No. 06 A 01058.

14

41.     In connection with the foregoing, DLA Piper attorneys expended 34.90 hours for which DLA Piper seeks compensation of $11,887.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-6."

**G.     Plan of Reorganization**: (Total Hours: 189.90, Total Fees: $78,634.50)

42.     During the New Application Period, DLA Piper attorneys drafted Debtors' Third Amended Disclosure Statement, Debtors' Third Amended Joint Chapter 11 Plan, Debtors' Fourth Amended Disclosure Statement, and the Plan.  In connection therewith, DLA Piper attorneys: (a) investigated, formulated and analyzed various Plan scenarios and presented those scenarios to the Debtors' major creditors and the Office of the United States Trustee; (b) conducted numerous telephone and office conferences with Lunn; (c) conducted legal research relating to the Plan, including, without limitation, substantive consolidation and subordination issues; (d) drafted a motion for substantive consolidation of the Debtors' estates; and (e) prepared for and attended Bankruptcy Court hearings on the Debtors' substantive consolidation motion and Plan confirmation.

43.     DLA Piper submits that, as a result of its substantial efforts in investigating and researching various Plan scenarios and its openness with, and inclusion of, the Debtors' major creditors in the Plan process, all creditors who voted on the Plan voted in favor of it and the Bankruptcy Court entered the Plan Confirmation Order without objection.  DLA Piper's efforts avoided a protracted and expensive contested confirmation hearing relating to the Plan, which, in turn, saved substantially more funds for distribution to the Debtors' creditors.

44.     In connection with the foregoing, DLA Piper attorneys expended 189.90 hours for which DLA Piper seeks compensation of $78,364.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-7."

chgo1\30804031.3

**H.**    **Professionals / (Fee/Employment Applications)**: (Total Hours: 130.40, Total Fees: $35,121.00)

45.    During the New Application Period, DLA Piper attorneys reviewed monthly billing summaries in an effort to ensure accurate time and billing entries by those DLA Piper attorneys and paralegals assigned to render legal services to the Debtors. DLA Piper attorneys also prepared and filed the Third Interim Application and attended the related Bankruptcy Court hearing.

46.    During the New Application Period, DLA Piper attorneys also communicated and negotiated with the Debtors' former accountants, RSM McGladrey, Inc., in an effort to reach an agreement to retain them as the Debtors' accountants to, among other things, prepare 2004 and 2005 tax returns for the Debtors. However, the Debtors could not reach an agreement with RSM McGladrey, Inc. Thus, DLA Piper attorneys prepared pleadings during the New Application Period to retain P&M as the Debtors' accountants, which retention was approved by the Bankruptcy Court. In connection therewith, DLA Piper attorneys communicated with P&M accountants and discussed the issues related to their engagement by the Debtors.

47.    In addition, during the New Application Period, DLA Piper attorneys assisted Alvarez with preparing its interim fee applications by reviewing and editing Alvarez's fee applications (and related documents) and preparing them for filing with the Bankruptcy Court.

48.    In connection with the foregoing, DLA Piper attorneys expended 130.40 hours for which DLA Piper seeks compensation of $35,121.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-8."

**I.**    **Reports and Schedules**: (Total Hours: 27.50, Total Fees: $6,445.00)

49.    During the New Application Period, DLA Piper attorneys worked diligently with Lunn to prepare and finalize the Debtors' monthly operating reports. In that regard, DLA Piper attorneys regularly communicated with Lunn and representatives from the Office of the United States Trustee regarding the status and substance of the Debtors' monthly operating reports. DLA Piper attorneys also prepared and filed amended Schedules of Assets and Liabilities (the "Schedules") for Lunn to reflect assets that had not been included in the original and subsequently amended Schedules.

50.    In connection with the foregoing, DLA Piper attorneys expended 27.50 hours for which DLA Piper seeks compensation of $6,445.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-9."

**J.**    **Investigation of Assets and Liabilities**: (Total Hours: 40.30, Total Fees: $16,638.80)

51.    In addition to their general investigation into the Debtors' assets and affairs, prior to the New Application Period, DLA Piper attorneys issued subpoenas (the "Subpoenas") on the following entities and individuals in an effort to gain a deeper understanding of the Debtors' assets and liabilities: (a) Banc of America Securities LLC; (b) Brian Gannon; (c) CCH-1, LLC; (d) Fifth Third Bank; (e) Fox & Obel, LLC; (f) JonesTrading Institutional Services LLC; (g) Leaders Bank; (h) Learn.com, Inc.; (i) Lehman Brothers, Inc.; (j) Merrill Lynch, Pierce, Fenner & Smith, Inc.; (k) Midwest Gourmet Foods, LLC; (l) NewRiver, Inc.; (m) Parkway Bank & Trust Company; (n) RSM McGladrey, Inc.; and (o) JPMorgan Chase Bank. During the New Application Period, DLA Piper attorneys continued to communicate with, and draft correspondence to, certain of the parties to which the Subpoenas were issued and, in certain

17

circumstances, their counsel. In addition, DLA Piper attorneys continued to review documents produced in response to the Subpoenas and communicated and conferred with Lunn and Alvarez regarding such documents and the status of certain of the Debtors' assets and liabilities.

52.    In connection with the foregoing, DLA Piper attorneys expended 40.30 hours for which DLA Piper seeks compensation of $16,638.80. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-10."

**K.    MOP**: (Total Hours: 19.20, Total Fees: $7,996.50)

53.    During the New Application Period, DLA Piper attorneys continued to coordinate with counsel to Lunn Partners Multiple Opportunities Portfolio, LLC ("MOP") regarding MOP's pending bankruptcy case and its relationship with the Debtors' Chapter 11 cases. DLA Piper attorneys continually reviewed and analyzed the affect MOP's bankruptcy case might have on the administration of the Debtors' Chapter 11 cases and distributions to the Debtors' creditors. Thus, DLA Piper attorneys (a) conducted teleconferences and meetings with MOP's counsel regarding case updates and strategy and (b) reviewed and analyzed the plan and disclosure statement proposed by MOP and provided MOP's counsel with comments and requests for revisions to that plan and disclosure statement. Because of the relationship between MOP and the Debtors, DLA Piper attorneys were required to monitor MOP's case and communicate with MOP's counsel to ensure the efficient and effective administration of these Chapter 11 cases.

54.    In connection with the foregoing, DLA Piper attorneys expended 19.20 hours for which DLA Piper seeks compensation of $7,996.50. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-11."

18

**L.    Conversion / Examiners / Trustee**: (Total Hours: 7.80, Total Fees: $3,153.50)

55.    During the New Application Period, DLA Piper attorneys communicated with counsel to the Caveneys regarding the Motion to Convert and attended Bankruptcy Court hearings related to the Motion to Convert. In addition, during the New Application Period, DLA Piper attorneys reviewed the Office of the United States Trustee's motion for the appointment of an examiner to investigate certain activities that took place both prior to and during the Debtors' Chapter 11 cases and communicated with the Office of the United States Trustee regarding that motion.

56.    In connection with the foregoing, DLA Piper attorneys expended 7.80 hours for which DLA Piper seeks compensation of $3,153.50. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-12."

**M.    Insurance Issues**: (Total Hours: 28.10, Total Fees: $13,644.00)

57.    During the Application period, DLA Piper attorneys continued to investigate, review and analyze certain insurance policies of the Debtors and their affiliates to determine if any of the Claims might be covered by these policies. In connection therewith, DLA Piper attorneys: (a) communicated extensively with the insurance companies in an effort to determine whether the companies would agree to fund the litigation defense costs associated with certain of the Claims; and (b) communicated with counsel to certain creditors to determine whether the creditors would be willing to compromise their Claims against the Debtors' estates in exchange for relief from the automatic stay to pursue their Claims solely against the proceeds of the Debtors' applicable insurance policies. DLA Piper's efforts resulted in a significant decrease in the amount of the Claims against the Debtors' estates, as a number of the Debtors' creditors

19

agreed to waive their claims against the Debtors' estates so that they could pursue their Claims against insurance proceeds.

58.     In connection with the foregoing, DLA Piper attorneys expended 28.10 hours for which DLA Piper seeks compensation of $13,644.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit "A-13."

**N.      Statement of Expenses:** (DLA Piper Total New Expenses: $21,442.57)

59.     DLA Piper has also incurred expenses in the amount of $21,442.57 (i.e., the New Expenses) for, among other things, telephone charges (at actual cost), photocopy charges (at 10 cents per page), delivery charges (at actual cost), and Lexis and Westlaw charges (at actual cost). A detailed breakdown of the New Expenses incurred by DLA Piper during the New Application Period is attached hereto as Exhibit "B."

## IV.   STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND BANKRUPTCY RULE 2016(B)

60.     All of the services performed by DLA Piper during the Application Period were required for the proper representation of the Debtors in this case, were authorized by the Bankruptcy Court, and were performed by DLA Piper at the request and/or direction of the Debtors. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the services performed, all of DLA Piper's services are compensable.

61.     There has been little, if any, duplication of services by the attorneys or paraprofessionals of DLA Piper. In those instances where two or more attorneys and/or paralegals participated in any matter, such joint participation was necessary because of the

complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

62.     The rates at which DLA Piper seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other DLA Piper clients.

63.     No agreement exists between DLA Piper and any third person for the sharing of compensation received by DLA Piper in this case, except as allowed by the exception set forth in Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of DLA Piper.

64.     DLA Piper was retained pursuant to Court order under Section 327(a) of the Bankruptcy Code.  Recently, Baker has alleged that DLA Piper should not have been retained under Section 327(a) because it had represented Baker in connection with a dispute with the Debtors.  DLA Piper contests Baker's arguments.  Parties are referred to the pleadings filed in connection with the Liquidating Trustee's Motion to Retain David Neff and DLA Piper as his Counsel for much more detailed discussion of each side's arguments.

65.     During the New Application Period, DLA Piper has devoted 1,278.20 hours to represent the Debtors with respect to categories (A)-(M) above, and has provided these estates with actual and necessary legal services worth a total of $473,939.30 and has incurred expenses totaling $21,442.57.

66.     A copy of the computer generated time entries reflecting the time recorded for these services for the New Application Period (i.e., February 1, 2006 through May 23, 2006), organized by project billing categories in accordance with Local Rule 5082-1, is attached hereto as Group Exhibit "A."

chgo1\30804031.3

67.   A computer generated statement of expenses incurred by DLA Piper during the New Application Period is attached hereto as Group Exhibit "B."

68.   Attached hereto as Exhibit "C" is the affidavit of David M. Neff attesting to, among other things, the accuracy of the information set forth in Group Exhibit "A" and Group Exhibit "B" of this Application.

69.   Attached to this Application as Exhibit "D" is a biographical sketch (including billing rates) of each professional whose time is reflected in Group Exhibit "A" of this Application. Exhibit "D" also includes the name (and billing rates) of paralegals whose time is reflected in Group Exhibit "A."

70.   Attached to this Application as Exhibit "E" is a draft order.

**WHEREFORE,** DLA Piper Rudnick Gray Cary US LLP, counsel for the Debtors herein, requests that this Bankruptcy Court enter an order authorizing and approving:

A.   Final compensation in the amount of **$1,921,511.80** for professional services rendered to the Debtors by DLA Piper from February 10, 2005 through and including May 23, 2006;

B.   Final reimbursement of DLA Piper's ordinary and necessary costs of **$76,886.82** incurred during the period from February 10, 2005 through and including May 23, 2006;

C.   Authorizing and Directing the Liquidation Trustee to pay the balance of amounts awarded to DLA Piper from cash on hand; and

22

chgo1\30804031.3

D.     Such other and further relief as the Bankruptcy Court may deem just and equitable

under the circumstances.

Dated: July 20, 2006                        Respectfully submitted,

                                            **DLA PIPER RUDNICK GRAY CARY US LLP**

                                            By:___/s/ David M. Neff_____
                                                   David M. Neff (ARDC #06190202)
                                                   William Choslovsky (ARDC #06224664)
                                                   Brian A. Audette (ARDC #06277056)
                                                   **DLA PIPER RUDNICK
                                                     GRAY CARY US LLP**
                                                   203 North LaSalle Street - Suite 1900
                                                   Chicago, Illinois 60601
                                                   (312) 368-4000

23

## CERTIFICATE OF SERVICE

David M. Neff, an attorney, certifies that on July 20, 2006, he caused the foregoing *Fourth and Final Fee Application of DLA Piper Rudnick Gray Cary US LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period February 10, 2005 through and including May 23, 2006 (the "Application")* to be filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

Janice A. Alwin
jalwin@shawgussis.com

Andrew J. Annes
aannes@sabt.com

Marc O. Beem
mbeem@millershakman.com
mpadilla@millershakman.com

Darren L. Besic
dbesic@aol.com

Timothy L. Binetti
tlb@rbsslaw.com

Kenn Brotman
kbrotman@kelleydrye.com
sdunlap@kelleydrye.com

Abraham Brustein
abrustein@dimonteandlizak.com

William J. Connelly
wconnelly@hinshawlaw.com

Jay S. Dobrutsky
sdobrutsky@burkelaw.com

William J. Factor
wfactor@seyfarth.com

Joseph D. Frank
jfrank@fgllp.com
ccarpenter@fgllp.com

Michael J. Golde
mgolde@fgllp.com
ccarpenter@fgllp.com

Richard N. Golding
rgolding@wr-llp.com

John J. Grieger
jgrieger@weltman.com

Susan N. Gummow
sgummow@clausen.com

Steven R. Jakubowski
sjakubowski@colemanlawfirm.com

Alexander D. Kerr
akerr@tishlerandwald.com

Kathryn A. Klein
iln@riezmanberger.com

Micah R. Krohn
mkrohn@fgllp.com
ccarpenter@fgllp.com

Richard S. Lauter
rlauter@seyfarth.com

Edward J. Lesniak
elesniak@burkelaw.com

John D. Lien
jlien@foley.com

Sara E. Lorber
slorber@seyfarth.com

Matthew Luzadder
mluzadder@kelleydrye.com

Alec M. McAusland
lw00554@cityofchicago.org

Brian H. Meldrum
bmeldrum@jenner.com

Eric J. Munoz
emunoz@scandagliaryan.com
dduncan@scandagliaryan.com
djames@scandagliaryan.com

Jill L. Murch
jmurch@foley.com
ypena@foley.com

William T. Neary
USTPRegion11.ES.ECF@usdoj.gov

Kristine S. Phillips
kphillips@osalaw.com

Alex Pirogovsky
apirogovsky@uhlaw.com

Richard Polony
rpolony@hinshawlaw.com

Steven R. Rappin
srappin@h-rltd.com

Gerard D. Ring
gring@burkelaw.com

Kimberly J. Robinson
kimberly.robinson@bfkpn.com

Steven J. Roeder
sjr@willmont.com

Rebecca M. Shanaman
rshanaman@mcdnslaw.com

Catherine L Steege
csteege@jenner.com
docketing@jenner. com

Ellen G. Sullivan
esullivan@clausen.com

Gloria C. Tsotsos
nd-three@il.cslegal.com

Timothy E. Weilandt
tweilandt@mcdnslaw.com

Ariel Weissberg
ariel@weissberglaw.com

Zane L. Zielinski
zzielinski@fgllp.com

In addition, the following party was served with the Application on July 20, 2006 by regular U.S.

mail, postage prepaid.  Parties may access this filing through the Court's CM/ECF system.

Gretchen Silver
Office of the U.S. Trustee
Suite 3350
227 West Monroe Street
Chicago, IL  60606


_____/s/ David M. Neff_____
David M. Neff (ARDC #06190202)
William Choslovsky (ARDC #06224664)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street - Suite 1900
Chicago, Illinois 60601
(312) 368-4000